UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEOW N. TSENG,

Plaintiff,

v.

HOME DEPOT USA, INC. and WAL-MART STORES, INC.,

Defendants.

CASE NO. C05-0908RSM

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

**INTRODUCTION**

This matter comes before the Court on plaintiff's Motion for Partial Judgment on the Pleadings on Defendants' Breach of Contract and Breach of Duty of Good Faith and Fair Dealing Counterclaims. (Dkt. #40). Defendants have alleged in their counterclaims that plaintiff breached an oral contract pertaining to settlement negotiations that occurred earlier in this case. Plaintiff asks the Court to grant judgment on the pleadings on those counterclaims, arguing that the oral contract is void under the statute of frauds. Defendants respond that the oral agreement is enforceable under Georgia law, and plaintiff is estopped from raising the statute of frauds under Washington law. (Dkt. #55). For the reasons set forth below, the Court agrees with defendants and DENIES plaintiff's motion for partial judgment on the pleadings.

## II. DISCUSSION

**A. Background**

Plaintiff, Jeow N. Tseng, a citizen of Taiwan, is the inventor of socket and light bulb fasteners for Christmas light strings. Plaintiff is also the inventor of a moisture-resistant light bulb socket and holder for Christmas light strings. Plaintiff has received several U.S. Patents for his inventions, including U.S. Patent No. 4,943,899 ("the '899 patent"), U.S. Patent No. 4,970,632 ("the '632 patent"), and U.S. Patent No. 5,816,862 ("the '862 patent"). Only the '632 and '862 patents are at issue in the instant motion.

Plaintiff owns and operates a Taiwanese company, Chyi Yuen Enterprises Co., Ltd. ("Chyi Yuen"), which is the exclusive licensee of plaintiff's patented lights. Under that license, Chyi Yuen manufactures several variations of the patented lights, and incorporates those lights into products sold at wholesale. Chyi Yuen also manufactures the lights for others to incorporate into light strings and lighted displays.

Plaintiff accuses defendants, Home Depot and Wal-Mart, of importing and offering for sale, a number of products that incorporate Christmas tree lights containing components that allegedly infringe on plaintiff's patented lights ("accused products"). The accused products include the Home Depot Garland, Home Depot Canadian Pine, Home Depot Spruce, and Wal-Mart Wreath.

Plaintiff asserts that he first became aware that defendants were selling a limited quantity of the accused products during the 2003 holiday season. In response, plaintiff apparently advised defendants of his patents, and demanded that defendants cease and desist importing and/or selling those products. However, during the 2004 holiday season, defendants apparently imported and sold additional quantities of the accused products. In 2005, defendants then apparently increased their purchases of accused products for that year's holiday season due to

popularity of those products, and due to the fact that those products could be purchased for a lower price than the patented lights through a Hong Kong supplier called Polytree Hong Kong Co., Ltd. As a result, plaintiff filed the instant patent infringement action.

Shortly after the action was filed, Polytree's counsel contacted plaintiff's counsel and the parties began settlement discussions. The parties apparently reached an agreement, and plaintiff's counsel notified the Court that this case had settled. The Court issued its standard Order of Dismissal, advising the parties of a 60-day time period in which either party could move to reopen the action should the settlement agreement fail to be perfected. During that 60-day period, plaintiff moved to reopen, arguing that the parties could not perfect a settlement. The Court subsequently granted the motion, and the case was re-opened on November 29, 2005.

Defendants assert that plaintiff and Chyi Yuen breached their oral agreement to execute the written settlement agreement. They have raised counterclaims alleging breach of contract and breach of duty of good faith and fair dealing.

Plaintiff now moves for partial judgment on the pleadings, arguing that defendants' breach of contract claim cannot succeed because the oral agreement is void in that it cannot be performed within one year, and because it calls for the sale of goods in excess of five hundred dollars. Plaintiff further argues that defendants' breach of duty of good faith and fair dealing claim cannot succeed because once the oral agreement is void under the statute of frauds there is no contract giving rise to such duties.

**B. Standard of Review**

Under Rule 12(c) of the Federal Rules of Civil Procedure, any party may seek judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A judgment on the pleadings is properly granted when, taking all of the allegations in the non-moving party's

pleadings as true, the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles*, 179 F.3d 698 (9th Cir. 1999) (citation omitted); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "If . . . matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. . . ." Fed. R. Civ. P. 12(c). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).

**C. Choice of Law**

As a threshold matter, the Court must determine which law to apply to this motion. Instead of asserting a position on choice of law, both parties have simply presented the Court with analyses under both Georgia law and Washington law. Plaintiff asserts that Washington law applies, but presents comparative analyses under Georgia law as it believes defendants may try to invoke the choice of law provision of the unsigned settlement agreement now at issue. Defendants compare both states' laws but concludes that the result is the same under either analysis. This Court will not waste its resources analyzing the issues presented in this motion under two separate states' laws. Instead, for the reasons set forth below, it finds that Washington law applies.

Defendants assert that this Court has both diversity jurisdiction and supplemental jurisdiction over their counterclaims. (Dkt. #28 at 9). In diversity actions and in federal question actions in which a federal court is exercising supplemental jurisdiction over state claims, federal courts apply the choice-of-law rules from the forum in which the court is located. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002); *Paracor Finance, Inc. v. General Elec.*

*Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996).

Washington courts presumptively apply Washington law unless an actual conflict has been shown to exist between Washington law and the law of another forum. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 103-04 (1994); *Rice v. Dow Chemical Co.,* 124 Wn.2d 205, 209 (1994). The party advocating the use of the law of another forum must show that actual conflict exists. *See Burnside*, 123 Wn.2d at 101, 103. An actual conflict arises where the resolution of an issue would be different under the law of different forums. *Seizer v. Sessions*, 132 Wn.2d 624, 648 (1997).

Defendants argue that in the context of a motion for judgment on the pleadings, the Court must view the facts in the light most favorable to them, and that the Court must therefore "apply whichever state's law is most favorable to [them]." (Dkt. #55 at 16). However, defendants do not demonstrate that a true conflict between Washington and Georgia law exists in this case. (*See* Dkt. #55 at 4-5). In fact, defendants assert that the outcome would be the same under the law of either state. (Dkt. #55 at 5). Accordingly, because defendants have not shown an actual conflict of law, this Court will apply Washington law.

**D. Defendants' Counterclaims**

The Court next addresses the parties' substantive arguments. This motion involves a settlement agreement purportedly entered into orally by plaintiff and Polytree in September 2005, with defendants named as third-party beneficiaries. (Dkt. #28 at 10). Defendants allege that the parties agreed to certain settlement terms and then agreed to reduce the settlement to writing. (Dkt. #28 at 10). Defendants then allege that, upon being presented with the final written expression of the parties' agreement, plaintiff refused to sign, and shortly thereafter reneged on the agreement. (Dkt. #28 at 11).

Plaintiff argues that the settlement agreement is void under the statute of frauds[1] on two independent bases. First, plaintiff argues that performance of the agreement cannot be completed within a year, and therefore, the contract is void under RCW 19.36.010. (Dkt. #40 at 4). Second, plaintiff argues that the agreement contemplates the sale of goods valued at over five hundred dollars, and is therefore void under RCW 62A.2-201(1). (Dkt. #40 at 5). Defendants respond that plaintiff is estopped from raising a statute of frauds defense under Washington law.[2]

*1. Promissory Estoppel and the Statute of Frauds Defense*

Defendants argue that Washington law does not allow a party to orally agree to execute a settlement agreement and then rely on the statute of frauds as a defense to a breach of contract claim when he or she fails to actually execute the written memorialization. In support of that argument, defendants rely on *Klinke v. Famous Fried Chicken*, 94 Wn.2d 255 (1980), which held:

> 'A party who promises, implicitly or explicitly, to make a memorandum of a contract in order to satisfy the statute of frauds, and then breaks that promise, is estopped to interpose the statute as a defense to the enforcement of the contract by another who relied on it to his detriment.'

*Klinke*, 94 Wn.2d at 259 (quoting *In re Estate of Nelson*, 85 Wn.2d 602, 610-11 (1975)).

That doctrine of promissory estoppel remains in force in Washington, with one exception: the Washington Supreme Court has held that an oral promise otherwise within the statute of frauds may not be enforced on the basis of promissory estoppel when the underlying contract is

[1] The Uniform Commercial Code ("UCC") as adopted in Washington is found at RCW Title 62A. The statute of frauds is codified as RCW 62A.2-201. Any reference by this Court to sections of the UCC are intended to refer to Washington's corresponding sections.

[2] Defendants first argued that under Georgia law the statute of frauds does not apply because oral settlement agreements are specifically enforceable. (Dkt. #55 at 6-7). However, the Court will not address this argument because it is not applying Georgia law to this motion, as discussed in Part C, *supra*.

one for a sale of goods governed by UCC § 2-201. *Certification From the United States Court of Appeals for the Ninth Circuit in Lige Dickson Co. v. Union Oil Company of California*, 96 Wn.2d 291, 292 (1981). However, the *Lige Dickson* court also emphasized that "[b]y doing so, we make no comment on the applicability of § 217A to defeat the raising of the statute of frauds as a defense under RCW 19.36.010." *Lige Dickson*, 96 Wn.2d at 300. Thus, this Court must examine the two statute of frauds defenses that plaintiff has raised, which ultimately necessitates a determination of whether the settlement agreement should be deemed a contract for sale of goods.

a. Performance Within One Year

Plaintiff first argues that the oral agreement at issue is void under RCW 19.36.010 because performance cannot be completed within one year. As expressly stated in *Lige Dickson*, promissory estoppel may still apply to defeat this defense. *Lige Dickson*, 96 Wn.2d at 300. In *Klinke*, the Washington Supreme Court explained the elements required for the successful reliance on promissory estoppel in situations such as the instant one – the existence of a promise, either implicit or explicit, to make a memorandum; the breach of that promise; and reliance on that promise by the other party to his or her detriment. *Klinke*, 94 Wn.2d at 259.

In the instant case, viewing the facts set forth in defendants' pleadings as true, the Court finds that defendants satisfy that standard. They have explicitly alleged that plaintiff agreed to certain settlement terms and agreed to memorialize those terms in writing. Defendants have also specifically alleged that plaintiff then refused to sign the written settlement, and they have suffered damages as a result of plaintiff's breach of the settlement terms. Accordingly, the Court finds that plaintiff is precluded from raising a statute of frauds defense based on RCW 19.36.010.

b. Contracts for Sale of Goods

The Court next turns to plaintiff's argument that enforcement of the settlement agreement is barred under the statute of frauds because it contemplates the sale of goods valued at over five hundred dollars. As discussed above, promissory estoppel will not preclude such a defense when a contract is for the sale of goods. Thus, this Court must determine whether the settlement agreement constitutes an agreement for sale of goods.

In order to determine whether a contract is "for the sale of goods" for purposes of the statute of frauds, Washington courts have adopted the "predominant factor test." *Tacoma Athletic Club, Inc. v. Indoor Comfort Systems, Inc.*, 79 Wn. App. 250, 255 (Div. 3 1995). Under that test, where a mixed contract is at issue, the contract will be deemed one "for the sale of goods" and thereby covered by UCC Article 2 if its "predominant factor, [its] thrust, [its] purpose, reasonably stated," is the sale of goods, rather than the other subject matter of the contract. *See id.*; *U.S. Engine, Inc. v. Roberts*, 2003 WL 22230139, *2 (Wash.App. Div. 1, 2003).[3]

The classification of a contract under the predominant factors test is a question of fact. *Tacoma Athletic*, 79 Wn. App. at 258. Here, a review of the purported settlement agreement reveals that it contained terms for the dismissal of the patent infringement action, payment of monies, grant of a license, a covenant not to sue, release of claims, indemnification, and the sale of a certain number of Christmas light external lamp locks. On these facts, it cannot be said that the settlement agreement was primarily for the sale of goods.

This conclusion is supported by the Federal Circuit, which has applied the test to patent infringement settlement agreements similar to this one. *Novamedix, Ltd. v. NDM Acquisition*

---

[3] While the predominant factor test is most typically applied to contracts involving mixed goods and services, the test also applies to contracts involving goods and "other subject matters." *See* Raymond T. Nimmer, *Through the Looking Glass: What Courts and the UCITA Say about the Scope of Contract Law in the Information Age*, 38 DUQ. L. REV. 255, 278 (2000).

*Corp.*, 166 F.3d 1177 (Fed. Cir. 1999). The *Novamedix* court examined an agreement that contained various patent and licencing provisions, in addition to provisions for the transfer of the defendant's inventory of medical devices to the plaintiff. *Id.* at 1182. The court reasoned that the agreement arose out of a patent infringement suit and that its primary purpose was to settle the suit. *Id.* at 1183. A majority of the settlement provisions dealt with patents and licenses, rather than the goods in question. The court ultimately concluded that the predominate purpose was not for the sale of goods. *Id.*

For these reasons, the Court finds that plaintiff is not entitled to judgment on the pleadings on the basis that the settlement contemplates a sale of goods in excess of five hundred dollars.

*2. Duty of Good Faith and Fair Dealing*

Because the Court has determined that the oral settlement agreement is not void under the statute of frauds defenses raised, defendants are entitled to maintain their counterclaims for breach of the duty of good faith and fair dealing.

**III. CONCLUSION**

For the reasons set forth above, the Court DENIES plaintiff's motion for judgment on the pleadings. (Dkt. #40).

DATED this 7th day of June, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE